

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **FRED JAY BRESSLER** | § | **CASE NO: 20-31024** |
| Debtor | § | |
| | § | **CHAPTER 11** |

## MEMORANDUM OPINION

Section 1126(c) of the Bankruptcy Code greases the wheel for debtors, ensuring a smoother ride to confirmation.[1] On January 11, 2021, the Court held a hearing on confirmation of Fred Jay Bressler's plan of reorganization. At the hearing, the Court questioned whether Debtor had met the balloting requirements of 11 U.S.C. § 1126(c). The Court entertained oral arguments from both Debtor's counsel and the United States Trustee. At the conclusion of the hearing, the Court abated confirmation and ordered briefing. Upon further deliberation, this Court deems briefing unnecessary and instead issues the instant Memorandum Opinion.

### I. Findings of Fact

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 9014 and 7052, which incorporates Federal Rule of Civil Procedure 52. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

1. On February 10, 2020, Fred Jay Bressler, M.D. ("*Debtor*") filed his initial petition under

---

[1] *See In re Vita Corp.*, 358 B.R. 749, 751 (Bankr. C.D. Ill. 2007), *aff'd*, 2008 U.S. Dist. LEXIS 1905 (C.D. Ill. 2008) (". . . Congress greased the wheels for the debtor by providing that a class's acceptance is based on actual votes received rather than all claims that make up the class) (citing 11 U.S.C. § 1126(c)).

        chapter 11, subchapter V of title 11 of the Code.[2]

2. On September 22, 2020, Debtor filed his disclosure statement and original plan of reorganization ("*Plan*").[3]

3. On October 23, 2020, this Court approved Debtor's disclosure statement and set November 20, 2020 for a hearing on confirmation of the Plan.[4]

4. On November 20, 2020, the Court held a hearing on confirmation of the Plan. At the hearing, the Court questioned whether, inter alia, Debtor had the required votes to confirm the Plan and required Debtor to file a modified plan by December 18, 2020.[5]

5. On November 23, 2020, Debtor filed a modified plan.[6] The Court set confirmation on the modified plan for January 11, 2021.[7] At that confirmation hearing, the Court again questioned whether Debtor had the requisite number of votes for confirmation.

## II. Conclusions of Law

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[8] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), this proceeding contains core matters, as it primarily involves proceedings concerning the administration of Debtor's estate and plan confirmation.[9] This proceeding is also core under the general "catch-all" language because such a proceeding can only arise in the context of a bankruptcy case.[10] Confirmation of a plan of reorganization occurs only

---

[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[3] ECF Nos. 40, 42.
[4] ECF No. 50.
[5] Min. Entry November 20, 2020.
[6] ECF No. 58.
[7] ECF No. 61.
[8] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[9] *See* 11 U.S.C. § 157(b)(2)(A), (L).
[10] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A]


in a bankruptcy court.  There is no state law equivalent for this action.

This Court may only hear a case in which venue is proper.[11]  28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  Debtor's Chapter 11 case is presently pending in this Court; therefore, venue of this proceeding is proper.

### B. Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.[12]  In *Stern,* which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[13]  As indicated above, the pending matter before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).  The ruling in *Stern* was limited to the specific type of core proceeding involved in that dispute, which is not implicated here.  Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[14]

Alternatively, even if *Stern* applies to all of the categories of core proceedings brought

---

proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).
[11] 28 U.S.C. § 1408.
[12] *Stern v. Marshall*, 564 U.S. 462 (2011).  *But see Wellness Int'l Network v. Sharif*, 675 U.S. 665, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters).
[13] 564 U.S. at 503.
[14] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547–48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . . We decline to extend *Stern's* limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503).

under § 157(b)(2),[15] this Court concludes that the limitation imposed by *Stern* does not prohibit this Court from entering a final order here. In *Stern,* the debtor filed a counterclaim based *solely* on state law; whereas, here, the confirmation of a plan of reorganization is based *primarily* on express provisions of the Bankruptcy Code—§§ 1129, 1126—and judicially-created bankruptcy law interpreting those provisions. This Court is therefore constitutionally authorized to enter a final order.

Finally, this Court has constitutional authority to enter a final order because Debtor has consented, impliedly if not explicitly, to adjudication of this matter by this Court.[16] Debtor has engaged in motion practice in front of this Court and has never objected to this Court's constitutional authority to enter a final order or judgment in this case. These circumstances constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

### III.  Analysis

Section 1126 of the Bankruptcy Code governs acceptances of a plan of reorganization by identifying the members of a class that may vote on a plan and the number and amount of votes necessary for debtor's plan to be deemed "accepted" by a particular class of claims. It states:

> "[a] class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan."[17]

---

[15] *See First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.)*, 713 F.3d 285, 294 n.12 (5th Cir. 2013) ("*Stern's* 'in one isolated respect' language may understate the totality of the encroachment upon the Judicial Branch posed by Section 157(b)(2) . . . .").

[16] *Sharif,* 575 U.S. 665, 135 S. Ct. at 1947 ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[17] 11 U.S.C. § 1126(c).

Federal Bankruptcy Rule of Procedure 3018(c) governs the proper form of an acceptance or rejection of a debtor's plan. That Rule requires that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form."[18] Failure to cast a written vote constitutes neither acceptance nor rejection of the plan.[19]

Based on the plain language of § 1126(c), the 2/3 and 1/2 numerosity requirements are counted based on "creditors . . . that have accepted or rejected such plan." If a creditor has not voted in adherence with Rule 3018(c), then they have not accepted or rejected the plan. Those "nonvotes" do not satisfy the language of § 1126(c) and thus, do not count toward the numerosity requirements.

Congressional intent supports the result mandated by the plain language of § 1126(c) and Rule 3018(c). The legislative history of § 1126(c) specifies that:

> A class of creditors has accepted a plan if at least two-thirds in amount and more than one-half in number of the allowed claims of the class *that are voted* are cast in favor of the plan. The two-thirds and one-half requirements are based on a denominator that equals the amount or number of claims *that have actually been voted for or against the plan*, rather than the total number and amount of claims in the class, as under current chapter X.[20]

This history provides guidance to courts to count only those votes formally cast for purposes of the numerosity requirements of § 1126(c).

Lastly, legal precedent falls in line with the plain language and congressional intent of § 1126(c). In *In re Dernick*, this Court found that "[a] court may only consider ballots formally accepting or rejecting a plan in determining whether § 1126(c) has been satisfied."[21] There, this

---

[18] FED. R. BANKR. P. 3018(c).
[19] *Id.*; *see also, e.g.*, *In re Dernick*, 2020 Bankr. LEXIS 3274, at *18 (Bankr. S.D. Tex. Nov. 20, 2020); *In re Castaneda*, 2009 Bankr. LEXIS 3591, at *7 (Bankr. S.D. Tex. Nov. 2, 2009).
[20] S. REP. NO. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5909 (emphasis added).
[21] 2020 Bankr. LEXIS 3274, at *18.

Court determined whether or not § 1126(c) was satisfied by looking to only the ballots formally cast by the debtors' creditors.[22] Those creditors who did not cast votes in compliance with Rule 3018(c) were not factored into the Court's determination regarding the numerosity requirement of § 1126(c).[23] Several other courts in the Fifth Circuit and others consider only those votes actually cast for purposes of § 1126(c), as well.[24]

## IV. Conclusion

Accordingly, this Court finds that classes of claims are deemed to have accepted a plan when those accepting are the requisite sum of those "that have accepted or rejected" the plan, as dictated by § 1126(c). In other words, only ballots accepting or rejecting the plan, cast by claim holders in adherence with Rule 3018(c), are totaled to determine whether the numerosity requirements of § 1126(c) are met. Claims that have not voted or that have been objected to by a party-in-interest and are not temporarily allowed by the Court for purposes of voting pursuant to Rule

---

[22] *Id.*
[23] *Id.*
[24] *See, e.g.*, 2009 Bankr. LEXIS 3591 (finding that a failure to vote does not count as acceptance of the plan but citing COLLIER for the proposition that "only claims actually voted count in determining whether the requisite majorities in number and amount are met.") (citing COLLIER ON BANKRUPTCY ¶ 1126.04 (Richard Levin & Henry J. Sommers eds., 15th ed.)); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 430 (Bankr. S.D. Tex. 2009) (finding that creditors not casting votes could be deemed as having accepted the plan, but citing *In re Adelphia Comm. Corp.*, 368 B.R. 140, 261–62 (Bankr. S.D.N.Y. 2007) for the proposition that "[r]egarding non-voters as rejecters runs contrary to the Code's fundamental principle, and the language of section 1126(c), that only those actually voting be counted in determining whether a class has met the requirements, in number and amount, for acceptance or rejection of a plan . . . ."); *In re Lively*, 466 B.R. 897, 899 (Bankr. S.D. Tex. 2011) ("Acceptance of a plan is determined by § 1126 of the Bankruptcy Code. Under that section, an impaired class of creditors accepts a plan only if it is approved by twothirds [sic] in amount and a majority in number of the holders of claims who cast votes."); *In re ISC Bldg. Materials, Inc.*, 2011 Bankr. LEXIS 2036, at *3 ("Under section 1126(c) of the Bankruptcy Code an impaired class of claims is deemed to have accepted the [p]lan if class members hold at least two-thirds (*2/3*) in amount and more than one half (*1/2*) in number of all allowed claims of class members actually voting have voted in favor of the [p]lan.") (emphasis in original); *In re SCC Kyle Partners, Ltd.*, 2013 Bankr. LEXIS 2439, at *42 (Bankr. W.D. Tex. June 14, 2013) ("For a class of creditors to accept a plan of reorganization, § 1126(c) of the Bankruptcy Code requires acceptance by creditors within a class totaling 'at least two-thirds in amount and more than one-half in number' of creditors that vote."); *In re LMR, LLC*, 496 B.R. 410, 426 (Bankr. W.D. Tex. 2013) (same); *In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 457 (Bankr. S.D. Ohio 2011) (". . . [n]on-voting creditors are deemed neither to have accepted the plan nor rejected it; they are simply bound by the result produced by those who vote.") (quoting *Heins v. Ruti-Sweetwater (In re Sweetwater)*, 57 B.R. 748, 750 (D. Ut. 1985)); *In re Vita Corp.*, 358 B.R. at 751.

3018(a), are not considered.[25] Therefore, if only one member of a class, in compliance with Rule 3018(c), votes in favor of the plan and all others fail to vote, the voting member binds the entire class and that class will be deemed to have accepted the plan.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 01/13/2021.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[25] *See* 11 U.S.C. § 1126(c); *see also* FED. R. BANKR. P. 3018(a).